UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CONMED CORPORATION,

                              Plaintiff,                    6:13-CV-1226
                                                           (GTS/TWD)
v.

IOAN COSMESCU; and I.C. MEDICAL, INC.,

                              Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

BOND, SCHOENECK & KING, PLLC                  DAVID L. NOCILLY, ESQ.
   Counsel for Plaintiff
One Lincoln Center
Syracuse, NY 13202

OFFICE OF ROBERT E. PURCELL                   ROBERT E. PURCELL, ESQ.
   Counsel for Defendants
211 West Jefferson Street, Suite 24
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this patent action filed by ConMed Corporation

("Plaintiff") against Ioan Cosmescu and I.C. Medical, Inc. ("Defendants"), are (1) Defendant

Cosmescu's motion for reconsideration of that portion the Court's Order of March 10, 2015,

which denied Defendant Cosmescu's motion to dismiss, and (2) Defendant I.C. Medical, Inc.'s

motion to amend the same Order to permit Defendant I.C. Medical, Inc., to seek interlocutory

review by the Federal Circuit pursuant to 28 U.S.C. § 1292(b).  (Dkt. Nos. 47, 48.)

       After carefully considering the matter, the Court denies Defendant Cosmescu's motion

for reconsideration for the reasons stated in Plaintiff's opposition memorandum of law.  (Dkt.

No. 53.)[1]  To those reasons the Court adds only the following analysis.

In its Order denying Defendants' motion to dismiss, the Court expressly relied on, *inter alia*, "the reasons set forth in Plaintiff's opposition memorandum of law . . . ." (Dkt. No. 39.)  In its memorandum of law in opposition to Defendants' motion to dismiss, Plaintiff argued that Defendants' motion should be denied for two reasons.  (Dkt. No. 32.)

First, argued Plaintiff, personal jurisdiction is proper under New York's long-arm statute because, *inter alia*, "Defendant*s*" transacted business in New York by entering into a covenant promising not to sue Plaintiff for infringement of a patent (specifically, the '812 Patent, which Plaintiff asserts is a direct relative of the patent at issue in this action).  (*Id*. at 8, 10-12 [attaching pages "4," "6," "7" and "8" of Plf.'s Opp'n Memo. of Law] [emphasis added].)[2]  As part of that

---

[1]      Generally, in its opposition memorandum of law, Plaintiff argues that Defendant Cosmescu's motion to dismiss should be denied for six reasons: (1) Defendant Cosmescu does not identify the statute or rule pursuant to which he brings his motion for reconsideration; (2) in any event, Defendant Cosmescu has not set forth any controlling decisions or facts that the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court; (3) moreover, Defendant Cosmescu does not argue that there has been any intervening change in the controlling law, nor does he argue that new evidence has become available, thereby necessitating that this Court reconsider the jurisdictional issue; (4) although Defendant Cosmescu argues that there is a need to correct a clear error of law or prevent manifest injustice, he does so only conclusorily; (5) Defendant Cosmescu is incorrect that, in its opposition to his motion to dismiss, Plaintiff never addressed the issue of personal jurisdiction over him; and (6) indeed, during oral argument, Defendants themselves failed to draw a clear delineation between Defendant Cosmescu and Defendant I.C. Medical, Inc., despite the Court specifically asking the parties about record ownership of the relevant patents.  (Dkt. No. 53.)

[2]      In this regard, Defendant Cosmescu is incorrect that "Plaintiff's opposition memorandum does not . . . mention [him] even once." (Dkt. No. 47, Attach. 1, at 2 [emphasis in original].)  Similarly, Defendant Cosmescu is incorrect that "[a]t oral argument the Plaintiff did not . . . mention his name even once." (Dkt. No. 47, Attach. 1, at 2 [emphasis in original].)  The Court notes that, at one point, Plaintiff specifically referenced "Ioan Cosmescu" in responding to the Court's question about whether, on June 7, 2010, Defendants "owned" the '109 Patent (which Plaintiff argues is a direct relative of the '812 Patent).  (Dkt. No. 43, at 17 [Transcript].)

argument, Plaintiff clearly relied on the fact that Defendant Cosmescu was (1) the inventor of the '812 Patent, (2) the founder and president of Defendant I.C. Medical, Inc., when it previously sued Plaintiff, and (3) a signer of the subsequent covenant not to sue. (Dkt. No. 32, Attach. 1, at 26 [attaching Patent '812]; Dkt. No. 4, at ¶ 8 [Am. Compl.]; Dkt. No. 32, Attach. 3 [attaching settlement agreement].)[3]

Second, argued Plaintiff, an exercise of personal jurisdiction in this action is consistent with federal due process because, in addition to entering into the aforementioned covenant, "Defendants" repeatedly sent patent-infringement letters to Plaintiff. (Dkt. No. 32, at 13 [attaching page "9" of Plf.'s Opp'n Memo. of Law] [emphasis added].) Again, as part of that argument, Plaintiff clearly relied on, *inter alia*, the fact that Defendant Cosmescu was, when the letters were sent, the founder and president of Defendant I.C. Medical, Inc. (*Id.*; Dkt. No. 4, at ¶ 8 [Am. Compl.].)[4]

Defendant Cosmescu has not persuaded the Court that these reasons do not, under controlling law, warrant a conclusion that the Court possesses personal jurisdiction over him (much less a *clear* error of law or *manifest* injustice regarding such a conclusion).

Moreover, after carefully considering the matter, the Court denies Defendant I.C. Medical, Inc.'s motion to amend for the reasons stated in Plaintiff's opposition memorandum of

---

[3]     The Court notes that, in support of their motion to dismiss, Defendants adduce the declaration of Ioan Cosmescu, in which he appears to profess personal knowledge of the scope of the prior lawsuit and its settlement. (Dkt. No. 11, Attach. 2, at ¶ 14.)

[4]     The Court notes that, in support of their motion to dismiss, Defendants adduce the declaration of Ioan Cosmescu, in which he refers to the author of the letters in question as "my attorney." (Dkt. No. 11, Attach. 2, at ¶ 16.)

law.  (Dkt. No. 53.)[5]  To those reasons the Court adds only the following analysis.

In its motion, the "controlling question of law" of which Defendant I.C. Medical, Inc.,
seeks interlocutory review regards whether a New York federal court has personal jurisdiction
over an out-of-state corporation whose only contacts with New York are (1) the sending of "a
letter" to the plaintiff in New York giving notice of the plaintiff's infringement of a patent owed
by the corporation, and (2) a single-page covenant not to sue entered between the parties in
settlement of an earlier patent infringement lawsuit in an out-of-state federal court, "where the
covenant not to sue identified only . . . two patents as being subject to the covenant, [and] where
the patent in the New York lawsuit was a continuation of one of those two identified patents. . .
."  (Dkt. No. 48, at 2.)

For the sake of brevity, the Court will not linger on the fact that apparently three letters
were sent (i.e., on September 5, 2013, September 30, 2013, and October 5, 2013), the covenant
regarded "any other patent . . . [owned by I.C. Medical, Inc.] that [I.C. Medical, Inc.] believes
the GoldVac infringes," and the patent in the New York lawsuit was owned by Defendants at the
time of the covenant and is a "direct relative" of the two patents identified in the covenant. More
important is lack of basis on which the Court can conclude that there is a substantial ground for
difference of opinion as to whether the contacts described by Defendant I.C. Medical, Inc.,

---

[5]     Generally, in its opposition memorandum of law, Plaintiff argues that Defendant
I.C. Medical, Inc.'s motion to amend should be denied for two reasons: (1) Defendant I.C.
Medical, Inc., does not identify the statute or rule pursuant to which it brings its motion to amend
the Court's Order, which is essentially one for reconsideration; and (2) even if the Court were to
construe the motion as one requesting certification of the question of personal jurisdiction for
interlocutory appeal, the Court should deny the motion, because it is unsupported by a showing
of exceptional circumstances, and indeed simply expresses disagreement with the Court's
application of the unchallenged facts of this case to a well-established legal standard.  (Dkt. No.
53.)

confer personal jurisdiction onto the Court.

In its memorandum of law, Defendant I.C. Medical, Inc., argues that "the Court of Appeals for the Federal Circuit has stated that sending a letter threatening patent infringement by itself is insufficient to confer personal jurisdiction." (Dkt. No. 48, Attach. 2, at 2.) In support of that argument, Defendant I.C. Medical, Inc., asserts that, in the case of *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F. 3d 1336, 1333 (Fed. Cir. 2008), the Federal Circuit held that "other activities" are required in addition to such letters, and explained that "[e]xamples of these 'other activities' include initiating judicial or extra-judicial enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." (*Id.*) Because it did not engage in any of the listed "other activities," argues Defendant I.C. Medical, Inc., it did not subject itself to the personal jurisdiction of the Court. (*Id.*)

The problem with Defendant I.C. Medical, Inc.'s argument is the word "examples." The Federal Circuit's use of that word in *Avocent* meant that the list of "other activities" was not exhaustive. Indeed, based on other Federal Circuit cases, such "other activities" also include entering into an exclusive license agreement with a party residing in, or conducting business in, the forum. *Breckenridge Pharm. v. Metabolite*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) ("[T]he defendant is subject to personal jurisdiction in the forum state by virtue of its relationship with its exclusive forum state licensee if the license agreement, for example, requires the defendant-licensor, and grants the licensee the right, to litigate infringement claims. . . . [T]he defendant will also be subject to personal jurisdiction in the forum state if the exclusive licensee (or licensee equivalent) with which it has established a relationship is not headquartered in the

forum state, but nonetheless conducts business there."); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001) ("[T]he combination of Dr. Kuzmak's infringement letter and his negotiation efforts which culminated in four license agreements with Inamed is sufficient to satisfy the first factor in the three-part *Akro* test.").  Such a license agreement apparently occurred here.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Cosmescu's motion for reconsideration of the Court's Order of March 10, 2015 (Dkt. No. 47) is **DENIED**; and it is further

**ORDERED** that Defendant I.C. Medical, Inc.'s motion to amend the Court's Order of March 10, 2015, to permit Defendant I.C. Medical, Inc., to seek interlocutory review by the Federal Circuit (Dkt. No. 48) is **DENIED**.

Dated: May 4, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge