UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CONMED CORPORATION

              Plaintiff,

v.                                           Civil Action No. 13-cv-01226-GTS-TWD

IOAN COSMESCU and
I.C. MEDICAL, INC.

              Defendants.

**STIPULATION AND CONFIDENTIALITY ORDER**

The parties in the above-captioned action hereby stipulate and agree through their undersigned counsel to the entry of the following Confidentiality Order.

1.    <u>Findings</u>:

The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.    <u>Definitions</u>:

(a)    "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

(b)    "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule

26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

   (c) "Highly Confidential", or its equivalent, "Attorney's Eyes Only" information is information within the scope of Rule 26(c)(1)(G) that in the opinion of the party disclosing the information represents business or technical trade secrets, plans, and information that are more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

   (d) Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

   3. <u>Designation of Information as Confidential or Highly Confidential</u>:

   (a) A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

   (b) A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or either "HIGHLY CONFIDENTIAL" or ATTORNEY'S EYES ONLY". By making documents

2496944.1 5/14/2015

or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential, a producing party does not forfeit a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

(c)     A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential. Prior to the expiration of the fourteen day period, the entire deposition testimony shall be treated as Highly Confidential.

(d)     A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

(e)     A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

(f)     If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the

information is properly designated as Confidential or Highly Confidential. In the event such an application is made, the information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

      4.    <u>Use and Disclosure of Confidential or Highly Confidential Information</u>:

      (a)    Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

      (b)    Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel who are actively involved in assisting outside counsel in the prosecution or defense of this action, including paralegal, secretarial and clerical personnel assisting such in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court, including court-appointed mediators and their staffs. The defendants' outside counsel, Laura J. Zeman-Mullen, Esq. and Zeman-Mullen & Ford LLP, including necessary paralegal, secretarial and clerical personnel assisting such counsel, shall be treated under category (ii) above.

2496944.1 5/14/2015

(c)     Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

(d)     A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within fourteen days after its execution. At least fourteen days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her *curriculum vitae.* If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within fourteen days after service of the identification. Unless the parties resolve the dispute within fourteen days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

(e)     Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

(f)     A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable

2496944.1 5/14/2015

attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

     5.   <u>Copies</u>: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

     6.   <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

     7.   <u>Filing with the Court</u>:

     (a)   This protective order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order upon an express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006).

     (b)   If a party wishes to file in the public record a document that another producer has designated as Confidential or Highly Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, and the party wishing to file the document shall file a motion to require the document to be filed under seal.

     8.   <u>Document Disposal</u>: Promptly upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's

2496944.1 5/14/2015

Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or Highly Confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order. Outside counsel of record may also retain copies of transcripts of trial, depositions and hearings, correspondence, expert reports, and attorney work product remaining subject to all requirements of this order.

9.     Originals: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within fourteen days after a written request.

10.     Survival of Obligations: This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.


Dated: May 18, 2015                          s/Albert L. Underhill
                                             Albert L. Underhill
                                             Attorney for Defendants


Dated: May 18, 2015                          s/David L. Nocilly
                                             David L. Nocilly
                                             Attorney for Plaintiff

2496944.1 5/14/2015

SO ORDERED:

Dated: _____May 20_____, 2015
      Syracuse, New York

_____
Hon. Therese Wiley Dancks
United States Magistrate Judge

**APPENDIX I**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CONMED CORPORATION

                        Plaintiff,

v.                                              Civil Action No. 13-cv-01226-GTS-TWD

IOAN COSMESCU and
I.C. MEDICAL, INC.

                        Defendants.

_____


        I, _____, state the following under penalties of perjury as provided by law:

        I have been retained by _____ as an expert or consultant in connection with this case.  I will be receiving information that is covered by the Court's protective order dated _____.  I have read the Court's protective order and understand that the information is provided pursuant to the terms and conditions in that order. I agree to be bound by the Court's protective order.  I agree to use the information solely for purposes of this case.  I understand that neither the information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order.  I agree to return the information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order.  I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court

_____
[signature]

Subscribed and sworn to
before me this _____ day
of_____, 2015.

_____
Notary Public