UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CONMED CORPORATION,

                Plaintiff,

        v.

IOAN COSMESCU AND I.C. MEDICAL, INC,,

                Defendants.

Civil Action No. 6:13-cv-1226 (GTS/TWD)

## JOINT CLAIM CONSTRUCTION STATEMENT
## PURSUANT TO LOCAL PATENT RULE 4.4

Pursuant to the U.S. District Court for the Northern District of New York's Local Rule of Procedure for Patent Cases 4.4 and the Court's Uniform Pretrial Scheduling Order (Docket No. 60), Plaintiff Conmed Corporation ("Conmed") and Defendants Cosmescu and I.C. Medical, Inc. ("Defendants") hereby submit the following Joint Claim Construction Statement:

**I.**    **Local Patent Rule 4.4(a)(1) – The construction of those terms on which the parties agree.**

Following is a chart of the claim terms on which the parties are in agreement as to the construction:

    **A.**    **U.S. Patent No. 7,935,109**

| Claim Term | Agreed construction |
|---|---|
| "a main body having a first end and a second end in continuous communication with one another" | An uninterruptable passageway between the first and second ends of the main body whereby smoke can be evacuated through the main body |

B.   U.S. Patent No. 8,414,576

| Claim Term | Agreed construction |
|---|---|
| "at least one of an outer body of an ESU pencil and an exhaust port of an integrated smoke evacuation system" | The fixed member is attached to either the outer body of an ESU pencil or the exhaust port of the ESU pencil through which smoke is evacuated |
| "exhaust port" | The end of an ESU pencil through which smoke may be evacuated |
| " at least a portion of an electrical cord for providing power to said ESU pencil or said ESU pencil with an integrated smoke evacuation system is contained within the fixed member and the rotating member" | A portion of the electrical cord that provides power to the ESU pencil is inside the fixed and rotating members |

II.   **Local Patent Rule 4.4(a)(3) – Each party's proposed construction of each disputed term, together with an identification of all references from the intrinsic evidence that support that construction, and an identification of any extrinsic evidence known to the party upon which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of all witnesses including experts.**

Following is a chart comparing the parties' proposed construction of each disputed claim term of each patent at issue along with the evidence to be relied on for each parties' proposed construction:

A.   U.S. Patent No. 7,935,109

1.   "multifunctional telescopic electrosurgery pencil"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| "an electrosurgery pencil having an electrode that can be extended or retracted and used for both monopolar and bipolar applications" | "an electrosurgery pencil capable of performing more than one electrosurgery function and having a telescopic body" |
| **Plaintiff's Evidence** | **Defendants' Evidence** |
| Abstract; Col. 1, lines 20-51; Col. 1, lines 35-58; Col. 2, lines 23-46; Col. 2, lines 55-59; Col. 2, lines 60-65; | Figures 3 and 4; Col. 2 lns. 50-53; Col 3. lns. 9-21; Col. 5 lns. 21-24: Col. 6 lns. 19-21, lns. 41-46; Col.7 lns. 37-43; |

| | |
|---|---|
| Col. 2, line 66 – col. 3, line 3; Col. 3, lines 15-21; Col. 3, lines 31-35; Col. 5, lines 58-64; Col. 6, lines 41-46; Col. 8, lines 19-21; Col. 11, lines 13-17; Fig. 1a and 1b, Figs. 2a through 2f, Figs 3a through 3c | Col. 8 lns. 22-31, lns. 40-43, ln.56-Col. 9 ln. 59 |

   2.   "a moveable telescopic body"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| "a portion of the electrosurgical pencil that can extend or retract from another portion of the pencil to lengthen or shorten the electrode" | "a hollow tubular body that can be extended from and retracted substantially into the main body of the electrosurgery pencil and through which smoke can be evacuated" |
| **Plaintiff's Evidence** | **Defendants' Evidence** |
| Col. 7, lines 52-63; Col. 8, lines 17-21; Figs. 3b and 3c | Figures 3a-3d, telescopic body 44 and 98; Col. 7 lns. 25-30, lns. 53-55; Col. 8 lns. 56-59 |

   3.   "contained within at least a portion of the movable telescopic body such that it is capable of being in electrical contact with the energy source"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| "carried within the extending or retracting portion of the pencil in a manner that maintains electrical contact with the energy source during the extending or retracting" | "the electrode is mounted such that it is inside a portion of the telescopic body and is connected to the energy source that powers the electrosurgery pencil" |
| **Plaintiff's Evidence** | **Defendants' Evidence** |
| Abstract; Col. 1, lines 35-38; Col. 2, lines 60-65; Col. 2, line 6 – col. 3, line 3; Col. 3, lines 31-35; Col. 7, lines 64-67; Col. 8 lines 17-21; Fig. 3c. | Figures 3a-3c, electrode 48, telescopic body 44, conductors 76,78, contacts 80, 82; Col. 7 lns. 23-35, lns. 55-61, lns. 64-67; Col. 8 lns. 17-18, lns.40-55 |

   B.   U.S. Patent No. 8,414,576

   1.   "a first end of a fixed member"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| "one end of a member separate from | "the end of the fixed member that is |

3

| the pencil that is fixed relative to the pencil" | located further than the second end of the fixed member from the exhaust port of the ESU pencil |
|---|---|
| **Plaintiff's Evidence** | **Defendants' Evidence** |
| Title; Abstract; Col. 1, lines 14-22; Col. 2, lines 13-16; Col. 3, lines 45-48; Col. 3, lines 54-57; Col. 4, lines 38-45; Col. 4, line 64 – col. 5, line 10; Figs. 1, 2, 5, 6, 7, and 8. | Figures 1-8, numbers 14, 54; Col. 3 lns. 44-48;  Col. 4 lns. 38-45; Application Serial No. 11/164,712 filed Dec. 5, 2005: Figures 1, 4A-4C; paragraphs 21, 24-25 |

III.     **Local Patent Rule 4.4(a)(3) – A prioritization of the disputed terms, based upon their significance to the resolution of the case and the court's construction of those terms and whether they will be case or claim dispositive or substantially conducive to promoting settlement, together with a statement of the significance of each term to the claims and defenses in the case.**

With respect to the first patent, all three claim limitations may be dispositive of the issue of infringement.  The parties agree that the second and third disputed claim terms are of a higher priority based on their greater significance to the resolution of the case and that their resolution will be either case dispositive or more conductive to promoting settlement.  With respect to the second patent, the sole disputed claim element may be dispositive of the issue of infringement and thus will be conductive to promoting settlement.

IV.     **Local Patent Rule 4.4(a)(4) – The anticipated length of time necessary for the Claim Construction Hearing; and**

The parties estimate that 3 to 4 hours should be sufficient for the Claim Construction Hearing.

V.     **Local Patent Rule 4.4(a)(5) – Whether any party proposes to call any live witnesses to testify at the Claim Construction Hearing, the identity of each such witness and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.**

Neither Plaintiff nor Defendants intend to call any live witnesses.

Respectfully submitted,

**FOR PLAINTIFF:**

Dated: August 18, 2015

**s/David L. Nocilly**

By: _____
David L. Nocilly (Bar Roll No. 510759)

BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
E-mail: dnocilly@bsk.com

Of Counsel:

Daniel S. Jonas, Esq, Bar Roll No. 507,952
Vice President - Legal Affairs,
General Counsel
Conmed Corporation
525 French Road
Utica, New York 13502
DanielJonas@conmed.com

*Attorneys for Plaintiff Conmed Corporation*

**FOR DEFENDANTS:**

Dated: August 18, 2015

**s/Albert L. Underhill**

By: _____
Albert L. Underhill, *pro hac vice*

Law Offices of Albert L. Underhill
7907 N. 16th Dr.
Phoenix AZ 85021

*Attorneys for DefendantsI.C. Medical Inc. and Ioan Cosmescu*