CONMED CORPORATION,

                Plaintiff,                6:13-CV-1226
                                                 (GTS/TWD)

v.

IOAN COSMESCU; and I.C. MEDICAL, INC.,

                Defendants.
_____

APPEARANCES:                                OF COUNSEL:

CONMED CORPORATION              DANIEL S. JONAS, ESQ.
  Counsel for Plaintiff
525 French Road
Utica, NY 13502

BOND, SCHOENECK & KING, PLLC      DAVID L. NOCILLY, ESQ.
  Co-Counsel for Plaintiff
One Lincoln Center
Syracuse, NY 13202

UNDERHILL LAW OFFICE PLLC         ALBERT L. UNDERHILL, ESQ.
  Counsel for Plaintiff
7907 North 16th Drive
Phoenix, AZ 85021

OFFICE OF ROBERT E. PURCELL        ROBERT E. PURCELL, ESQ.
  Co-Counsel for Defendants
211 West Jefferson Street, Suite 24
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this action by ConMed Corporation ("Plaintiff") for a

declaratory judgment of non-infringement and invalidity of two patents owned by Ioan

Cosmescu and I.C. Medical, Inc. ("Defendants"), are (1) a Report-Recommendation by Chief

United States Magistrate Judge David E. Peebles' recommending that the Court adopt certain constructions of eight claim terms included in the two patents at issue, and (2) Defendants' Objections thereto. (Dkt. Nos. 81, 82.) After carefully considering the matter, Magistrate Judge Peebles' Report-Recommendation is adopted, and the Court adopts the claim term constructions set forth in the Report-Recommendation.

I.  RELEVANT BACKGROUND

   A.  Summary of Plaintiff's Claims and Defendant I.C. Medical's Counterclaims

Generally, in its Amended Complaint, Plaintiff requests a judgment declaring as follows: (1) that certain monopolar electrosurgical pencils (including the GoldVac® electrosurgery pencil) sold by Plaintiff throughout the United States ("the Accused Products") do not infringe any of the claims of United States Patent No. 8,935,109 ("the '109 Patent"), owned by Defendant Ioan Cosmescu (and licensed exclusively and/or rightfully enforced by Defendant I.C. Medical); (2) that the claims of the '109 Patent are invalid under 35 U.S.C. ¶¶ 102, 103 and/or 112; (3) that the Accused Products do not infringe any of the claims any of United States Patent No. 8,414,576 ("the '576 Patent"), also owned by Defendant Ioan Cosmescu (and licensed exclusively and/or rightfully enforced by Defendant I.C. Medical); and (4) that the claims of the '576 Patent are invalid under 35 U.S.C. ¶¶ 102, 103 and/or 112. (Dkt. No. 4.)

Generally, in Defendants' Answer, Defendant I.C. Medical asserts two counterclaims against Plaintiff: (1) a claim that, through its manufacture, use and sale of its GoldVac® electrosurgerical pencils, Plaintiff has infringed and continues to infringe the '109 Patent, which was duly and legally issued to Defendant Ioan Cosmescu and has always been owned by Defendant I.C. Medical; and (2) a claim that, through its manufacture, use and sale of its

GoldVac® electrosurgerical pencils, Plaintiff has infringed and continues to infringe the '576 Patent, which was also duly and legally issued to Defendant Ioan Cosmescu and has always been owned by Defendant I.C. Medical. (Dkt. No. 46.)

B.     **Summary of Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Peebles renders the following eight recommendations: (1) that the term/phrase "a main body having a first end and a second end in continuous communication with one another" in Patent '109 be construed as meaning "an uninterruptable passageway between the first and second ends of the main body whereby smoke can be evacuated through the main body"; (2) that the term/phrase "at least one of an outer body of an ESU [electrosurgery unit] pencil and an exhaust port of an integrated smoke evacuation system" in Patent '576 be construed as meaning "the fixed member is attached to either the outer body of an ESU pencil or the exhaust port of the ESU pencil through which smoke is evacuated"; (3) that the term/phrase "exhaust port" in Patent '576 be construed as meaning "the end of an ESU pencil through which smoke may be evacuate"; (4) that the term/phrase "at least a portion of an electrical cord for providing power to said ESU pencil or said ESU pencil with an integrated smoke evacuation system is contained within the fixed member and the rotating member" in Patent '576 be construed as meaning "a portion of the electrical cord that provides power to the ESU pencil is inside the fixed and rotating members"; (5) that the term "multifunctional telescopic electrosurgery pencil" in Claim 6 of Patent '109 be construed as meaning "a telescopic electrosurgery pencil that has the ability to perform more than one electrosurgery function"; (6) that the term "a movable telescopic body" in Claim 6 of Patent '109 be construed as meaning "a portion of the electrosurgical pencil that can extend or

retract from another portion of the pencil to lengthen or shorten the effective length of the electrode"; (7) that the term "contained within at least a portion of the movable telescopic body such that it is capable of being in electrical contact with the energy source" in Claim 6 of Patent '109 be construed as meaning "contained within at least a portion of the movable telescopic body in a manner that it maintains consistent electrical contact with the energy source"; and (8) that the term "a first end of a fixed member" in Claim 18 of Patent '576 be construed as meaning "one end of a member separate from the pencil that is fixed relative to the pencil." (Dkt. No. 81.)

**C.     Summary of Defendants' Objections to the Report-Recommendation**

Generally, in their Objections to the Report-Recommendation (filed five days after the expiration of the applicable deadline),[1] Defendants challenge only Magistrate Peebles' eighth recommendation, described above in Part I.B. of this Decision and Order: that the term "a first end of a fixed member" in Claim 18 of Patent '576 be construed as meaning "one end of a member separate from the pencil that is fixed relative to the pencil." (Dkt. No. 82.) More specifically, in support of that challenge, Defendants assert two arguments: (1) Magistrate Peebles' recommended definition of the term "a first end of a fixed member" incorrectly limits the fixed member to a separate piece because (a) the recommendation incorrectly ignores the fact that the specification of the '576 Patent, which incorporates the disclosure of United States

---

[1] The 14-day deadline for Objections to the Report-Recommendation of May 12, 2016, expired on May 26, 2016. (Dkt. No. 81.) *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72. Defendants did not file their Objections until May 31, 2016. (Dkt. No. 82.) However, because the text entry accompanying the filing of the Report-Recommendation incorrectly stated that the deadline expired on May 31, 2016, the Court will excuse Defendants' five-day delay.

Patent Application Serial No. 11/164,712 ("the '712 Application"), teaches that the fixed member can be an integrally formed part of the outer body of the ESU pencil, and (b) the recommendations incorrectly finds that the use of the term "attaching" in Claim 18 defines the fixed member as a separate piece (or else the word would be rendered redundant), when in fact the term "attaching" merely recites a method of making or manufacturing a swivel-based electrosurgery pencil (as different forms of the term do in Claims 1 and 7); and (2) Defendants' proposed construction (i.e., that "the end of the fixed member that is located further than the second end of the fixed member from the exhaust port of the ESU pencil") encompasses both embodiments of the fixed member disclosed in the '576 Patent (i.e., as a separate piece and as a fixed member integrally formed with the outer body of the ESU pencil). (*Id.*)

### D. Summary of Plaintiff's Response to Defendants' Objections

Generally, in its response to Defendants' Objections, Plaintiff argues that Magistrate Judge Peebles properly construed Claim 18 in light of the intrinsic record for the following five reasons: (1) Magistrate Judge Peebles properly recognized that the plain language of Claim 18 requires a fixed member that is separate from the electrosurgical pencil, and properly determined that the specification of the '576 Patent failed to include anything that would require a departure from the plain (and logical) meaning of the claim language; (2) Defendants' argument that Magistrate Judge Peebles' claim construction incorrectly ignores an example of an "integrated structure" in the specification of the '576 Patent fails, because (a) the embodiment relied upon by Defendants would not change the plain (and different) meaning of the language of Claim 18, (b) a closer look at the '712 Application reveals that Defendants knew how to claim an integrally formed pencil but simply chose not to do so, (c) even if the "integrally formed" embodiment had

been expressly disclosed in the '576 Patent, the parent '712 Application drew a clear distinction between separately attached structure and integrally formed structure, and (d) the embodiment relied upon by Defendants is not actually part of the specification of the '576 Patent but can be found only in an unpublished parent application that was abandoned in favor of the application that led to the '576 Patent; (3) Defendants' argument that Magistrate Judge Peebles' claim construction is contrary to law because it excludes an embodiment fails, because, even if the embodiment is indeed part of the specification of the '576 Patent, (a) the embodiment is not the preferred embodiment (as it must be under the law) but merely an optional approach (which was not actually included in the patent but incorporated by reference therein), (b) in any event, the embodiment is not the only embodiment (as it also must be under the law), and (c) there is no cannon of claim construction that requires a claim to encompass every embodiment contemplated by an inventor; (4) Defendants' argument that Magistrate Judge Peebles' claim construction is contrary to law because it imports a limitation from the specification is meritless, because (a) Magistrate Judge Peebles merely adhered to the Federal Circuit's holding (in *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP*, 616 F.3d 1249, 1254 [Fed. Cir. 2010], and *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1231-32 [Fed. Cir. 2011]) that, when a claim lists elements separately, the clear implication is that those elements are distinct elements, and (b) Defendants do not even articulate what limitation was supposedly imported from the specification; and (5) Defendants' argument that the term "attaching" should not require separate structure defies logic and common sense, and is (purportedly) supported only by two claims that are not at issue in this case and that shed no light on whether a structure is separate or integral. (Dkt. No. 83.)

## II. GOVERNING LEGAL STANDARD

### A. Legal Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b),

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Legal Standard Governing Construction of Patent Claims

Because the parties have demonstrated, in their papers, an accurate understanding of the legal standard governing the construction of the patent claims at issue in this action, the Court will not recite, in their entirety, that legal standard in this Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. Nos. 71-74, 82, 83.)

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles's thorough Report-Recommendation, the Court can find no clear error with regard to the first seven recommendations in the Report-Recommendation (summarized above in Part I.B. of

---

constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

this Decision and Order), to which Defendants have not specifically objected, nor can the Court find any error with regard to the eighth recommendation in the Report-Recommendation (also summarized above in Part I.B. of this Decision and Order): Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds two points, which are meant merely to supplement (and not to supplant) the reasons.

First, Defendants' two arguments (described above in Part I.C. of this Decision and Order) are merely a rehashing of arguments asserted in their opening claim construction brief and its response to Plaintiff's opening claim construction brief. (*Compare* Dkt. No. 82, at 10-15 [attaching pages "6" through "11" of Defs.' Objections] *with* Dkt. No. 71, at 20-24 [attaching pages "17" through "21" of Defs.' Opening Claim Construction Brief] *and* Dkt. No. 73, at 12-13 [attaching pages "9" and "10" of Defs.' Response to Plf.'s Opening Claim Construction Brief].) As a result, Magistrate Judge Peebles' eighth recommendation is entitled to only a clear-error review, which it easily survives. *See, supra,* Part II.A. of this Decision and Order.

Second, even if the Court were to subject Magistrate Judge Peebles' eighth recommendation to a *de novo* review (which it declines to do),[6] it would find that the eighth recommendation survives such a review for each of the five reasons set forth in Plaintiff's response to Defendants' Objections. *See, supra,* Part I.D. of this Decision and Order.

---

[6] The Court finds that conducting a *de novo* review of the rehashed arguments in question would be an inefficient use of judicial resources and would frustrate of the purposes of the Federal Magistrates Act of 1968, 28 U.S.C. § 631 *et seq.*

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 81) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Court hereby adopts the eight claim term constructions set forth on pages 32 and 33 of Magistrate Judge Peebles' Report-Recommendation (summarized above in Part I.B. of this Decision and Order).

Dated: September 19, 2016
       Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge